IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MEGAN I. B.,[1]

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Civil Action 2:22-cv-2238
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Plaintiff, Megan I. B., ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). This matter is before the Court for consideration of Plaintiff's Statement of Errors (ECF No. 10), the Commissioner's Memorandum in Opposition (ECF No. 11), Plaintiff's Reply (ECF No. 12), and the administrative record (ECF No. 8). For the reasons that follow, the Commissioner's non-disability determination is **OVERRULED** and this matter is **REMANDED** pursuant to Sentence 4 § 405(g).

### I.    BACKGROUND

Plaintiff filed her applications in December 2019, alleging that she had been disabled since December 18, 2017. (R. 16, 213–19, 220–27.) After her applications were denied

---

[1] Pursuant to this Court's General Order 22-01, any opinion, order, judgment, or other disposition in Social Security cases shall refer to plaintiffs by their first names and last initials.

administratively at the initial and reconsideration levels (R. 76, 77–85, 75, 86–94, 95, 105–112, 96, 97–104), a hearing was held on March 12, 2021, before Administrative Law Judge Deborah Sanders ("the ALJ") (R. 39–74) who issued an unfavorable determination on March 31, 2021 (R. 13–33). That unfavorable determination became final when the Appeals Council denied Plaintiff's request for review. (R. 1–7.)

Plaintiff seeks judicial review of that final determination and submits that remand is warranted for two reasons. First, Plaintiff contends that the ALJ erred when assessing a medical source statement from Kyle Carpenter, APRN. (Pl.'s Statement of Errors 7–10, ECF No. 10.) Plaintiff additionally contends that the ALJ erred by incorporating into her residual functional capacity ("RFC")[2] a vague time-off task restriction that failed to adequately address her need for bathroom breaks. (*Id*. at 11–14.) The Court finds that the latter contention has merit, and thus, does not reach the former contention.

## II.     THE ALJ'S DECISION

The ALJ issued her decision on March 31, 2021, finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 13–33.) At step one of the sequential

---

[2] A claimant's RFC is an assessment of "the most [she] can still do despite [hers] limitations." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1).

evaluation process,³ the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 18, 2017, her alleged date of onset. (R. 19.) At step two, the ALJ found that Plaintiff had the following severe impairments: irritable bowel syndrome; chronic pain disorder; obesity; major depressive disorder; and anxiety disorder with panic attacks. (*Id*.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 20.)

The ALJ then set forth Plaintiff's residual functional capacity ("RFC") as follows:

After careful consideration of the entire record, the [ALJ] finds that the [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he claimant can never climb ladders, ropes, or scaffolds; she can never work at unprotected heights; and, cannot engage in commercial driving. She is able to perform simple and routine tasks in an environment with few changes and no strict production quotas. She is limited to no

---

³ Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §§ 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §§ 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

> work with the public in a customer service capacity, and no work where persuasion or supervision of other would be required. Additionally, the claimant would be off task for less than ten percent of the workday as a result of additional bathroom breaks.

(R. 22.)

At step four, the ALJ relied on testimony from a vocational expert ("VE") to determine that Plaintiff could perform her past relevant work as a Housekeeping Cleaner. (R. 28.) Alternatively, at step five, the ALJ relied again on VE testimony to determine that in light of Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that she could perform including the representative occupations of sales attendant, routing clerk, and mail clerk. (R. 28–29.) The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, since December 18, 2017. (R. 29.)

### III.    STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "take into account whatever in the record fairly detracts from [the] weight" of the

4

Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV. ANALYSIS

As explained, Plaintiff contends that the ALJ erred because the inclusion of a less than ten percent time-off restriction for bathroom breaks was unclear. (Pl.'s Statement of Errors 13–14, ECF No. 10.) Essentially, Plaintiff contends that the ALJ erred, in part, because the limitation was impermissibly vague. The Court agrees.

The ALJ summarized Plaintiff's complaints about her IBS as follows:

> [Plaintiff] reported suffering from IBS, which has gotten worse throughout the years. She noted that as a result she has pain and cramping, in addition to going to the bathroom 8 to 9 times per day. She did note she has days where she goes to the bathroom without cramping or where she has control; however, when she is in a flare, she noted having pain and frequency without control. During a flare she reported using incontinence pads due to a fear of not making it to the bathroom in time, but indicated that they were not prescribed to her.

(R. 21–22.) The ALJ then incorporated into Plaintiff's RFC a limitation that she would be "off task less than ten percent of the workday as a result of additional bathroom breaks." (R. 22.)

5

This restroom limitation is legally insufficient. As courts have previously explained, when a restroom limitation is incorporated into an RFC, an ALJ must also make a specific finding about the frequency and duration of a claimant's bathroom usage as part of that RFC. *See e.g.*, *McQuade v. Comm'r of Soc. Sec.*, No. 1:21-cv-834, 2022 WL 4375984, at * 3–4, (N.D. Ohio Sept. 22, 2022) (holding that an ALJ errs when failing to make findings about the frequency and duration of a claimant's bathroom use when he or she finds that the claimant has a limit related to the need for bathroom breaks and access); *Green v. Astrue*, No. 3:09-cv-331, 2010 WL 2901765, at *6 (E.D. Tenn. July 2, 2010) (finding that where an ALJ finds that a claimant "has an impairment that requires her to have 'ready access to a bathroom' and the 'freedom to use it as needed' an ALJ should make a specific finding concerning the frequency and duration of [the claimant]'s bathroom usage") (citation omitted), *report and recommendation adopted*, 2010 WL 291762 (E.D. Tenn. July 20, 2010); *Lewis v. Kijakazi*, No. 5:21-cv-00111-D, 2022 WL 1652424, at *5 (E.D. N.C. May 4, 2022) (finding that ALJ erred by finding that a claimant needed ready access to bathrooms but failing to make findings about the frequency and duration of the claimant's bathroom use), *report and recommendation adopted*, 2022 WL 1651451 (E.D. N.C. May 24, 2022).

In the absence of details about frequency and duration, an RFC cannot be reliably used in the next step of the disability determination process (*i.e.*, to determine if a claimant is able to perform her past relevant work or other work that exists in significant numbers). For example, nine percent of an eight-hour workday would be roughly 43 minutes. If Plaintiff needs a 43-minute bathroom break every day, that may have a different impact on her ability to work than a need for four or five ten-minute breaks every day. *See Dickerson v. Comm'r of Soc. Sec.*, No. 4:18-cv-4578, 2019 WL 7938518, at *4 (S.D. Texas Dec. 9, 2019) (explaining that an ALJ's

6

failure to specify the duration and frequency impacts the sufficiency of a VE's testimony in response to a hypothetical), *report and recommendation adopted*, 2020 WL 730877 (S.D. Texas Feb. 12, 2020).

The restroom limitation incorporated into Plaintiff's RFC likewise fails to indicate that Plaintiff requires "ready access" to the bathroom. This is problematic because Plaintiff specifically alleges that when experiencing an IBS flare, she needs to access the restroom on an emergency basis. Thus, in addition to including the necessary details about the frequency and duration of Plaintiff's bathroom breaks, the ALJ must also include a ready-access limitation or explain why Plaintiff's allegations demonstrating a need for a ready-access limitation are not credited.

Accordingly, remand is warranted for further consideration. And although the Court does not reach Plaintiff's alternative contention of error, upon remand, the ALJ may do so if appropriate.

## V. CONCLUSION

In sum, for the reasons set forth above, the Commissioner's non-disability determination is **OVERRULED** and this matter is **REMANDED** pursuant to Sentence 4 § 405(g).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE